## BUD WILLIAMS v. STATE.

No. A-3880. Opinion Filed June 2, 1923.
(215 Pac. 438.)
(Syllabus.)

1. **Larceny—Statutes—Title of Act Making Stealing of Automobile Felony Held Sufficient—Act not in Conflict with General Penal Statutes on Larceny.** The title to the act making it a felony to steal an automobile (chapter 102, Laws 1919) is sufficient.

   a. The classification of general and petit larceny is not recognized by the terms of this special statute, and it is not in conflict with the general penal statutes on the subject of larceny.

2. **Larceny—Evidence Sustaining Conviction for Larceny of Automobile.** The evidence held sufficient to support the verdict.

Appeal from District Court, Canadian County; James I. Phelps, Judge.

Bud Williams was convicted of larceny of an automobile, and he appeals. Affirmed.

John M. Stanley and Wayne H. Lasater, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. Bud Williams, plaintiff in error, herein referred to as the defendant, was by information filed in the district court of Canadian county August 27, 1919, charged with the theft of a Ford automobile. At the trial, May 18, 1920, he was by a verdict of the jury found guilty and his punishment assessed at confinement in the penitentiary for a term of five years. From the judgment on this verdict, he appeals.

The testimony discloses that the automobile in question belonged to W. C. Morgan, a farmer, who then and for 20 years previous had resided near Mustang; that Morgan first met the defendant at an employment agency in Oklahoma City in 1918, where he employed the defendant to do some work on his farm; again in 1919 he went to this same employment agency and again hired the defendant to work for him on his farm; that this car was stolen from Morgan's garage on his farm on the morning of the 20th of July, 1919; that on that day Morgan rose early to go to Blanchard, and discovered that his car had been stolen, and the telephone wire connecting his home with Mustang and Oklahoma City had been cut. Some distance from the garage Morgan found a shoe, which he recognized as belonging to the defendant.

The defendant admitted the taking of the car, but claimed that on the 4th of July preceding the taking he sat in this car at a picnic with Morgan, and that Morgan there related to him that some time previous he had lost a car and had col-

lected the insurance, and suggested to the defendant that, if he would take this car and drive it to the oil fields and sell it, Morgan could collect the insurance, and that the defendant and Morgan would divide the proceeds of the sale of the car; that it was agreed that the car should be taken on some Saturday night, for the reason that it could be driven away more safely on Sunday than on any other day of the week; that it was agreed between them that the defendant should leave his shoe near the garage, in order that Morgan might know that he was carrying out their agreement, and to assure him that the car had not been taken by some other person.

The car was subsequently found and afterwards recovered. Morgan collected the insurance on this particular car, as well as on the one previously stolen. Morgan denied that there was any such agreement or plan, and insisted that the car was taken without his knowledge or consent.

There are but two assignments of error urged in defendant's brief. The defendant says that this conviction should be set aside and a new trial granted for the reason, first, that the statute upon which this prosecution was based is unconstitutional and void; and second, that the evidence is insufficient to support the verdict.

Under the first assignment of error defendant insists that the statute under which this prosecution was brought is void because the title to the act is insufficient, in that it does not embrace an abstract of the contents of the text of the act. The title and the act so attacked are as follows:

"An act making it a felony to steal an automobile or other automotive driven vehicle.

"Be it enacted by the people of the state of Oklahoma:

"Section 1. Any person in this state who shall steal an automobile or other automotive driven vehicle shall be guilty of

a felony, and upon conviction shall be punished by confinement in the state penitentiary for a term of not less than five (5) years nor more than twenty (20) years.''

Chapter 102, Session Laws 1919.

This question has been decided adversely to the claim of the defendant in the case of Jackson v. State, 22 Okla. Cr. 338, 211 Pac. 1066, wherein the question was discussed and analyzed in detail by Judge Matson. The reasons and conclusions there given, which need not be reiterated here, are well stated and are decisive upon the question of the sufficiency of the title of the act.

Defendant further urges that the prosecution should have been under the general statute defining grand larceny. Section 1507, Comp. Stat. 1921, is as follows:

''Except in cases where a different punishment is prescribed by this chapter, or by some existing provision of law, every offense declared to be felony is punishable by a fine not exceeding one thousand dollars, or by imprisonment in the state penitentiary not exceeding two years, or by both such fine and imprisonment.''

By the provisions of the automobile larceny statute (Chapter 102, Sess. Laws 1919) the theft of automobiles and automotive driven vehicles is withdrawn from the operation of the general larceny statute, and neither can the punishment for felonies prescribed by section 1507, supra, apply, for the reason that the Legislature by the 1919 act provided differently. Jackson v. State, supra.

The second assignment of error urged by counsel for defendant is that the verdict of the jury is not supported by the evidence. In the trial of the case the witness took the witness stand and admitted that he went to the home of Mr. Morgan in the nighttime and drove the automobile away and took it to a

place near Healdton, Okla., where he disposed of it. Mr. Morgan testified that he did not give him permission to do this. Defendant contended that he and Morgan entered into a conspiracy whereby the defendant was to steal the automobile, take it away, and sell it; that Morgan would then collect the insurance; and that defendant and Morgan would divide the proceeds derived from the sale of the car by the defendant. This Morgan denied.

The jury were present and had an opportunity to observe the demeanor of the witnesses upon the witness stand, and to take into consideration the apparent truthfulness or want of truthfulness of both stories, and to hear and determine from the evidence the reasonableness of any statement made by any witness. After having done so, they reached the conclusion that the story of the defendant as to his having conspired with Mr. Morgan to steal the car was untrue, and that Mr. Morgan's story of the stealing was true. After having reached this conclusion, they brought into court a verdict finding defendant guilty as charged. Under these circumstances this court will not undertake to go behind the finding of the jury and say which witness the jury should have believed.

The judgment of the trial court is therefore affirmed.

MATSON, P. J., and DOYLE, J., concur.